------o------

No. 6084.

# PHILIP BAUMANN vs. SUCCESSION OF RAPHAEL VILLA.

## Syllabus.

1. Under Act 207 of 1906, "the testimony of a credible witness of good moral character besides the plaintiff" is competent to prove a debt or liability upon the part of a party deceased, even though the action upon the debt be instituted more than a year subsequent to the decease of the debtor.

2. A claim for board is not governed by the prescription of one year (R. C. C., 3434), unless the claimant furnishes same as part of or as an adjunct to his business.

Appeal from the Civil District Court for the Parish of Orleans, Division "C," No. 104,725. Hon. E. K. Skinner, Judge.

Howell Carter, Jr., for plaintiff and appellant.

P. H. Mentz and E. B. Mabry, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff, who sues the Succession of Villa for services rendered in nursing the decedent, caring for his house, and furnishing him with food during his illness, relies entirely upon parol testimony to establish his claim. The trial Court dismissed the suit on the ground that such evidence was incompetent under Act 207 of 1906, the action having been instituted more than a year after Villa's death.

We do not so construe the Statute. While it provides that parol shall be incompetent to prove any debt of a party deceased, the rule is expressly relaxed in three independent instances, namely: Where the testimony is that of a credible witness other than or in addition to the plaintiff; where it serves to corroborate decedent's written promise or acknowledgment; and where the suit is brought within a year.

The present case, is within the first exception, for plaintiff's claim is established not only by his own testimony but by that of several disinterested witnesses.

To place an interpretation upon the act that would limit the competency of parol to the single instance where

the action is instituted within the year, would be to do violence to the language employed.

However, in so far as the services in nursing decedent and caring for the household are concerned, the claim is clearly governed by the plea of prescription of one year under R. C. C., 3534.

### Vaughn vs. Farrell, 23 An., 62.

Plaintiff was a neighbor of decedent and during the year prior to the latter's death, furnished him with his meals and nourishment, for which compensation is also claimed at the rate of 75 cents a day, for the 320 days specified, or a total of $240.00.

Defendant contends that this item likewise is prescribed in one year under the clause of R. C. C., 3434, relating to actions "of innkeepers and such others, on account of lodging and board which they furnish."

It does not appear that plaintiff conducts a boarding or lodging house or in that he ever furnished meals to anyone but decedent. It has been expressly held that under such circumstances the prescription of one year has no application.

### Succession of Nitch, 22 A., 317; Succession of Newton, 33 A., 321.

Instances of where the prescription of one year has been applied are cases where the board or lodging is furnished by the claimant as part of or as an adjunct to his business.

### Dwight vs. Smith, 2 A., 759; Campbell vs. Nicholson, 3 A., 459.

The case of **Succession of Alexander, 110 La., 1027**, is not in conflict with this principle, for though the opinion does not indicate it, the undisputed facts in the record,

which we have consulted, disclose that the claimant conducted a boarding and lodging house.

From the facts stated in the opinion of the Court in the following cases make it impossible to determine whether a contrary rule has been therein applied:

Boets vs. Laine, 3 A., 141; Hebert vs. Lacour, 5 A., 599; Wood vs. McCranie, 21 A., 557.

In any event the weight of authority upholds the principle stated and is more in consonance with the French authorities, as well as with the French text of our own Code.

Considering the evidence as a whole we have concluded that an allowance of fifty cents a day for a period of three hundred days, or $150.00, will fully compensate plaintiff for the meals furnished.

It is accordingly ordered that the judgment be reversed and set aside and that plaintiff do now have judgment against defendant in the sum of one hundred and fifty ($150.00) dollars, with 5% interest thereon from May 24th, 1913, until paid, and the costs of both Courts.

Judgment reversed.

Opinion and decree, May 4th, 1914.

Rehearing refused, June 1st, 1914.

CLAIBORNE, J.—I dissent from the opinion herein and concur with the Judge of the District Court that "parole evidence is incompetent to establish any debt of a party deceased unless an action upon the asserted indebtedness shall have been brought within a delay of twelve months after the decease of the debtor."